# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JUANA RIVERA-SANTOS,**

    **Petitioner,**

    v.

**SECRETARY OF THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,**

    **Respondent.**

**Civil No. 16-3088 (ADC)**

## OPINION AND ORDER

On December 6, 2016, the Secretary of the U.S. Department of Veterans Affairs ("the VA") removed to this Court an ex-parte Order of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, issued under case number K EX2008-0187, arguing that the Order is "contrary to Federal Law and should [b]e quashed." **ECF No. 1**, at 1. The Order, dated October 9, 2016, directs the VA to hand over, by a check made payable to the Clerk of the Court of First Instance, any and all funds that the VA holds on behalf of Adalberto Córdova. See **ECF No. 5-1**, at 1 (certified translation of Order). The VA has moved this Court to quash the Order on the ground that the Court of First Instance lacks jurisdiction to seize funds the VA "administers on behalf [of] incapacitated veteran Adalberto Córdova" and to "interfere with the VA appointed fiduciary [of those funds by issuing] orders regarding where VA benefit funds should be paid." **ECF No. 3**, at 1–2. The Court now grants the VA's motion and quashes the Order.

As an initial matter, the Court finds that the ex-parte local-court proceedings regarding the Order were properly removed pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute. See **ECF No. 1**, at 2 (the Notice of Removal invoking the Court's jurisdiction under that statute); see also *López-Muñoz* v. *Triple-S Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014) (a court's inquiry into "whether federal jurisdiction exists . . . is cabined by the notice of removal."). The federal officer removal statute authorizes the removal of 1) any "civil action," 2) that was "commenced in a State court," 3) and "is against or directed to . . . any agency . . . [or] officer . . . of the United States," 4) "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Although the text of the statute does not include it, federal courts have held that the removing agency or officer must also be able to "allege a 'colorable' federal defense to th[e] action." *Jones & Jones* v. *Piñeda & Piñeda*, 22 F.3d 391, 395 (1st Cir. 1994) (citing *Mesa* v. *California*, 489 U.S. 121, 136 (1989); then citing *Am. Policyholders Ins. Co.* v. *Nyacol Prod., Inc.*, 989 F.2d 1256, 1259 n.3 (1st Cir. 1993)).

The proceedings below were a "civil action" within the meaning of Section 1442 because "a judicial order" was "sought or issued" in them. 28 U.S.C. § 1442(d)(1) (defining 'civil action' for the section); see also *In re Commw.'s Motion to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 467 (3rd Cir. 2015) (observing that the Removal Clarification Act of 2011, Pub. L. 112-51, 125 Stat. 545 (2011), amended Section 1442(d)(1) to "clarif[y] that the term 'civil action' includes ancillary proceedings, so long as a 'judicial order' is sought or issued."). The proceedings also were commenced in state court and, though ex parte, were directed to a federal agency. *Jones & Jones*, 22 F.3d at 392 n.3 (observing that "[a]lthough Puerto Rico is not a 'State,'

Congress has expressly provided that actions commenced in [the Court of First Instance] are removable under the federal removal statutes.") (citing 48 U.S.C. § 864); see also 38 U.S.C. § 301(a) ("The Department of Veterans Affairs is an executive department of the United States."). Moreover, the proceedings—by resulting in an Order directing the VA to turn over to the local court the funds it is administering on behalf of disabled veteran Adalberto Córdova—relate to the heart of the VA's mission. See 38 U.S.C. § 301(b) ("The purpose of the [VA] is to administer the laws providing benefits and other services to veterans . . . ."); see also *Sawyer* v. *Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017) (for an act to be "'relat[ed] to' [a] federal office," as Section 1442(a)(1) requires, "there need be only 'a *connection or association* between the act in question and the federal office'") (emphasis in original) (some internal quotation marks omitted) (quoting 28 U.S.C. § 1442(a)(1); then quoting *Papp* v. *Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3rd Cir. 2016)). Finally, it is pellucid that the VA has not only a colorable, but a successful federal defense to its compliance with the local-court Order. See *Puerto Rico* v. *United States*, 490 F.3d 50, 61 n.6 (1st Cir. 2007) (finding that "where a subpoena is issued to a non-party federal government agency in conjunction with litigation in state court, the state court may not enforce the subpoena against the federal government due to federal sovereign immunity."). Accordingly, the Court finds that the VA properly removed the proceedings to this forum.[1]

---

[1] It is not plain, on the face of the notice of removal, whether the VA removed the proceedings to this Court within the thirty-day time limit set forth in 28 U.S.C. § 1446(b). After all, the VA does not state when it was served with a copy of the removed ex-parte Order. See **ECF No. 1**. Any "misstep" in the timeliness of the removal "was statutory, not jurisdictional," however. *Universal Truck & Equip. Co.* v. *Southworth-Milton, Inc.*, 765 F.3d 103, 109 (1st Cir. 2014). Moreover, the parties have waived the issue. See *id.*, at 110–11.

In its unopposed motion to quash the local-court Order, the VA contends, among other things, that the Order is invalid *ab initio* because it "seeks to modify the fiduciary appointed by the Secretary of Veterans Affairs," and also because the Board of Veterans' Appeals and the U.S. Court of Appeals for Veterans Claims ("Veterans Court") wield exclusive jurisdiction over any attempt to alter the appointed fiduciary for a veteran's benefits. **ECF No. 3**, at 1, 5–7. The Court agrees with the VA that the Order must be quashed for that reason.

"Congress has given the Secretary of Veterans Affairs the power to appoint a fiduciary to receive and disburse a beneficiary's VA benefits." *Evans* v. *Greenfield Banking Co.*, 774 F.3d 1117, 1120 (7th Cir. 2014) (citing 38 U.S.C. § 5502(a)(1)). Federal regulations authorize the VA to "select and appoint . . . the person or legal entity best suited to receive . . . benefits in a fiduciary capacity for a beneficiary who is mentally ill (incompetent) or under legal disability by reason of minority or court action, and beneficiary's dependents." *Id*. (quoting 38 C.F.R. § 13.55(a)). Congress has "also provide[d] the Secretary with authority for supervising fiduciaries." *Id*. (citing 38 U.S.C. § 5502(b)). "When the Secretary deems it necessary to protect the beneficiary's benefits, the Secretary may . . . terminate the appointment of a fiduciary and appoint a successor fiduciary." *Id*., at 1121 (citing 38 C.F.R. § 13.100(a)(2)).

"Another statute, the Veterans Judicial Review Act ('VJRA') of 1988, creates a remedial scheme regarding benefit determinations." *Id*. "'Congress has made clear that the VA is not an ordinary agency,' and the VJRA reflects that." *Id*. (quoting *Shinseki* v. *Sanders*, 556 U.S. 396, 412 (2009)). The VJRA provides, in relevant part, that "[t]he Secretary shall decide all questions of

law and fact necessary to a decision by [him] under a law that affects the provision of benefits by [him] to veterans or the dependents or survivors of veterans." *Id*. (quoting 38 U.S.C. § 511(a)). Subsection (a) provides further that, "[s]ubject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id*. (quoting 38 U.S.C. § 511(a)). In turn, subsection (b) "provides an exception to the prohibition against judicial review in (a): certain of the Secretary's decisions may be appealed to the Board of Veterans' Appeals, 38 U.S.C. § 7104, and then reviewed exclusively by the [Veterans Court], 38 U.S.C. § 7252, and from there only by the United States Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292." *Id*. Finally, "[t]he Veterans Court has held that administrative actions taken pursuant to § 5502," including the naming and supervision of a fiduciary, "are subject to review through the application of 38 U.S.C. §§ 511(a) and 7104, that is, judicial review is exclusively by the Veterans Court and then the Federal Circuit." *Id*. (citing *Freeman* v. *Shinseki*, 24 Vet. App. 404, 413 (Vet. App. Ct. 2011) (per curiam)); see also *Rosario-González* v. *United States*, 544 Fed. Appx. 5, 6 (1st Cir. 2013) (per curiam) (finding that, pursuant to 38 U.S.C. §§ 511(a), 7252, and 7292, "final agency decisions regarding benefits for veterans and their dependents or survivors are exclusively reviewable by the [Veterans Court], and then, as specified, by the Court of Appeals for the Federal Circuit and the Supreme Court.").

This Court finds that the local-court Order directly interferes upon "the discretion of the Secretary [of the VA] to designate, supervise, and remove a federal fiduciary" and that "the only

way to challenge the VA's decision to appoint [a particular] fiduciary is through the mechanism set up by Congress, a mechanism that does not allow for review by the state court or a federal court in our circuit." See *Evans*, 774 F.3d at 1122. Accordingly, both this Court and the Puerto Rico Court of First Instance lack jurisdiction to issue the removed Order.[2] See *id.*, at 1124.

In conclusion, the Court hereby **GRANTS** the VA's motion to quash the Order, see **ECF No. 3**, and thus **QUASHES** the Order, see **ECF No. 5-1**, and **DISMISSES** the action. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 14th day of August, 2017.

                                          **S/AIDA M. DELGADO-COLÓN**
                                          **Chief United States District Judge**

---

[2] Under Puerto Rico law, the Court of First Instance had an "inescapable duty to examine [its] own jurisdiction" prior to issuing the Order because "[t]o lack jurisdiction over the subject matter means to lack the necessary authority and power to entertain [the] matter." *Roberts* v. *USO Council of P.R.*, 145 D.P.R. 58, 68–69 & n.9 (P.R. 1998) (official translation) (citing *Vázquez* v. *A.R.P.E.*, 128 D.P.R. 513, 537 (P.R. 1991)). Instead of fulfilling that duty, however, the Court of First Instance simply issued the Order to the VA, finding "no need to discuss on [sic] the jurisdiction or the scope of the orders of a Court of Puerto Rico or a federal agency" for no other reason than the local Court was "sure that once the [VA] received this order, it shall comply with the same." **ECF No. 5-1**, at 1. In light of the fact that federal sovereign immunity should have precluded the Court of First Instance from issuing the Order at all, see *Puerto Rico* v. *United States*, 490 F.3d 50, 61 n.6 (1st Cir. 2007), it bears remembering that, historically, "[o]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Watson* v. *Philip Morris Cos.*, 551 U.S. 142, 150 (2007) (quoting *Willingham* v. *Morgan*, 395 U.S. 402, 407 (1969)).